**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, <br><br>Plaintiffs, <br><br>vs. <br><br>JOHN CRAIG PLUMBING LLC, <br><br>Defendant. | No. **03:11-CV-01325-HU** <br><br>**FINDINGS AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT** |

Cary R. Cadonau
Stephen H. Buckley
BROWNSTEIN RASK
1200 S.W. Main Street
Portland, OR 97205

    Attorneys for Plaintiffs

HUBEL, Magistrate Judge:

    On November 4, 2011, the plaintiffs filed a Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 *et seq.*, seeking to recover from the defendant unpaid contributions to the Plumbers and Pipefitters National Pension Fund (the "National Fund"); the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust; the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust; the U.A. Union Local No. 290 Plumber, Steamfitter & Shipfitter Industry Retiree Health Trust; the United

1 - FINDINGS AND RECOMMENDATION

Association Local 290 Apprenticeship and Journeyman Training Trust Fund; the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust; and the Plumbing and Piping Management Trust Fund (the "Management Fund") (collectively, the "Trust Funds"). Dkt. #1.  The two plaintiffs in this case are , first, the Trustees of the Trust Funds, and second, the Plumbers, Steamfitters and Marine Fitters Local No. 290 (the "Union").  *Id.*, ¶ 1.

John Craig, registered agent for the defendant John Craig Plumbing, LLC, was served personally on November 8, 2011. Dkt. #3. He failed to move or plead in response to the Complaint, and on January 10, 2012, the undersigned entered default against the defendant.  Dkt. #7.  The plaintiffs now move default judgment against the defendant.  Dkt. #8; *see* Dkt. ##9 & 10.

The present action deals with the time period from April 2010 through May 2011 (the "period at issue").  Dkt. #1, ¶ 10.  During that entire time period, the defendant was signatory to a Compliance Agreement (the "Agreement"), which required the defendant, among other things, to make contributions to the Trust Funds on behalf of applicable employees, pay union dues to the Union, and file monthly remittance reports and forms.  *See* Dkt. #10, ¶¶ 2-3; Dkt. #10-1.  The defendant failed to pay all amounts owed under the terms of the Agreement.  Dkt. #1, ¶¶ 13, 18, 22-23; Dkt. #9; Dkt. #10, ¶¶ 8-13.

In addition to requiring monthly contributions to the Trust Funds, the Agreement provides for liquidated damages and interest upon default, Dkt. #10, ¶ 6, 8-13; attorney fees, *id.*, ¶ 14; and liquidated damages and interest on unpaid Union dues, *id.*, ¶ 15.

2 - FINDINGS AND RECOMMENDATION

The plaintiffs' First Claim for Relief seeks liquidated damages and interest on various unpaid contributions and union dues for the period at issue. Dkt. #1, ¶¶ 10-16. The plaintiffs have submitted Remittance Report forms from the defendant, and monthly statements from the Trust Funds, evidencing that the defendant owes $3,341.78 in liquidated damages and interest to all of the plaintiffs except the National Fund. Dkt. #9, ¶ 3 & Ex. A; *see* Dkt. #10, ¶¶ 6-13 & 15, & Exs. C through I.

The plaintiffs' Second Claim for Relief seeks reimbursement for unpaid contributions to the Trust Funds and unpaid Union dues for the period at issue, plus applicable liquidated damages and interest on those unpaid contributions. Dkt. #1, ¶¶ 17-20. The plaintiffs have submitted the defendant's Remittance Report forms evidencing amounts owed for the period at issue, and spreadsheets prepared by the plaintiffs' counsel, with input from Al Shropshire, the Union's Chief Executive Officer and a Trustee of the Trust Funds, evidencing that the defendant owes unpaid contributions and dues for the period at issue in the total amount of $20,021.44; liquidated damages of $2,485.67; and interest, as of November 1, 2011, of $2,639.15; with interest continuing to accrue on unpaid contributions to the Trust Funds except the Management Fund (i.e., $19,327.02) at the rate of 12% per annum from November 2, 2011, through entry of judgment; and interest on the unpaid Union dues (i.e., $446.20) continuing to accrue at the rate of 9% per annum from November 2, 2011, through entry of judgment. Dkt. #9, ¶ 9 & Ex. B; *see* Dkt. #10, ¶¶ 6-13 & 15, & Exs. C through I.

The plaintiffs' Third Claim for Relief sought recovery of $483.92 in unpaid interest under a February 2011 settlement

3 - FINDINGS AND RECOMMENDATION

1 agreement relating to certain unpaid contributions, union dues,
2 liquidated damages, interest, and attorney fees and costs.  Dkt.
3 #1, ¶¶ 21-25.  The plaintiffs' counsel Cary Cadonau states the
4 plaintiffs now have recovered that sum, and the plaintiffs request
5 dismissal of their Third Claim for Relief.  Dkt. #9, ¶ 5.

6     The plaintiffs seek attorney fees in the case in the amount of
7 $1,757.50, representing 9.25 hours of attorney time at $190 per
8 hour.  *See* Dkt. #9, ¶ 7 & Ex. C, itemization.  In addition, they
9 seek costs in the amount of $406.00.  *Id.*, ¶ 8.  The court finds
10 these amounts to be reasonable and proper in light of the services
11 performed and results obtained in this action.

12     The plaintiffs further request an order "[a]llowing [them] to
13 retain the right to conduct a future payroll examination of
14 Defendant's books and records in order to ensure that all required
15 fringe benefit contributions and union dues have been paid," and to
16 institute further legal proceedings if they find further evidence
17 of unpaid contributions or dues.  Dkt. #9, ¶ 5.  The plaintiffs
18 have not cited any authority for this type of relief.  The
19 plaintiffs' right to proceed with further investigation or
20 litigation will be governed by applicable law.  The court finds it
21 would be sufficient to note that the judgment in this case is
22 limited to the records currently available from the defendant,
23 without limitation to any action to recover further amounts shown
24 to be due if additional evidence comes to light, subject to any
25 applicable law.

26     I therefore recommend the plaintiffs' motion for default
27 judgment be **granted in part and denied in part**, as follows:
28

4 - FINDINGS AND RECOMMENDATION

1)  The plaintiffs' motion to dismiss their Third Claim for Relief should be **granted.**

2)  On the plaintiffs' First Claim for Relief, the defendant should be ordered to pay to all of the plaintiffs except the National Pension Fund the sum of **$3,341.78.**

3)  On the plaintiff's Second Claim for Relief, the defendant should be ordered to pay:

   a)  unpaid contributions and dues in the amount of **$20,021.44;**

   b)  liquidated damages of **$2,485.67;**

   c)  interest, as of November 1, 2011, of **$2,639.15;**

   d)  accrued interest from November 2, 2011, to March 27, 2012, on unpaid contributions to the Trust Funds except the Management Fund (i.e., $19,327.02) in the amount of **$927.10,** and continuing to accrue at the rate of 12% per annum (**i.e., $6.35 per day**) from March 28, 2012, through entry of judgment; and

   e)  accrued interest from November 2, 2011, to March 27, 2012, on the unpaid Union dues (i.e., $446.20) in the amount of **$16.06**, and continuing to accrue at the rate of 9% per annum (**i.e., $.11 per day**) from March 28, 2012, through entry of judgment.

4)  The judgment expressly should be limited to the records currently available from the defendant, without limitation to any action to recover further amounts shown to be due if additional evidence comes to light, subject to any applicable law.

5 - FINDINGS AND RECOMMENDATION

***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **April 16, 2012**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then the Findings and Recommendations will go under advisement on the date of filing.

IT IS SO ORDERED.

Dated this __27th___ day of March, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION