IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRUSTEES OF THE PLUMBERS &
PIPEFITTERS NATIONAL PENSION
FUND, et al.,

No. 3:11-cv-1325-HU

          Plaintiffs,

v.

JOHN CRAIG PLUMBING LLC,          ORDER

          Defendant.

HERNANDEZ, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation (#12) on March 27, 2012, in which he recommends the Court grant in part and deny in part plaintiffs' motion for default judgment.

      Plaintiffs have timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Magistrate Judge Hubel recommends granting the entirety of plaintiffs' motion except for plaintiffs' request that the judgment allow them (1) to retain the right to conduct a future payroll examination of defendant's books and records and to ensure that all required fringe benefit contributions and union dues have been paid, and (2) to institute legal proceedings if they find evidence of unpaid contributions or dues. Findings & Rec. at p. 4. Magistrate Judge Hubel stated that plaintiffs had provided no authority for this type of relief. Id.

In objecting to the Findings and Recommendation, plaintiffs submit a Supplemental Declaration of Cary Cadonau which includes excerpts from the Master Labor Agreement to which defendant is currently bound. Section 5 of Addendum L to the Agreement provides authority for the Trust Fund plaintiffs to conduct a payroll examination of a signatory employer's books and records, and to recover the audit fees associated with such examination if it becomes necessary to file suit related to the examination. Section 8 of Addendum L to the Agreement provides authority for the Union plaintiff to conduct a payroll examination, and to recover the audit fees associated therewith in the event union dues are found owing. Plaintiffs also cite to Karr v. International Union of Operating Engineers, 994 F.2d 1426, 1432 (9th Cir. 1993), which suggests that the preservation of plaintiffs' future audit rights for the period of time predating the filing of this case, or the period of time at issue in the case, must be done in the judgment itself.

I have carefully considered plaintiffs' objections. The additional evidence and legal

2 - ORDER

authority indicate that plaintiffs have a right to the audit relief requested. Nonetheless, I adopt the Findings and Recommendation without modification because the Complaint did not request as relief that plaintiffs retained the right to conduct a future payroll examination of defendant's books and records to ensure that all required fringe benefit contributions and union dues have been paid, and to institute legal proceedings if they find evidence of unpaid contributions or dues. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings").

Finally, I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings and Recommendation.

CONCLUSION

The Court ADOPTS Magistrate Judge Hubel's Findings and Recommendation [12] and therefore, plaintiffs' motion for default judgment [8] is granted ~~is granted~~ in part and denied in part.

IT IS SO ORDERED.

DATED this    25th    day of    May   , 2012.


/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

3 - ORDER